**GRAIF BARRETT & MATURA, P.C.**
Kevin C. Barrett, State Bar No.: 020104
Jay R. Graif, State Bar No. 017246
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: 602-792-5700
Facsimile: 602-792-5710
*Attorneys for Plaintiff Owners Insurance Company*

Email Addresses:  kbarrett@gbmlawpc.com
                  jgraif@gbmlawpc.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OWNERS INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Arizona, <br><br> Plaintiff, <br><br> vs. <br><br> A.W. ARCARO & CO., INC., an Arizona company; and FOWLER ELEMENTARY SCHOOL DISTRICT NO. 45, an Arizona public agency and political subdivision, <br><br> Defendants. | Case No. 2:10-cv-01240 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, Owners Insurance Company ("Owners"), by and through its counsel undersigned, and for its Complaint against defendants, hereby states as follows:

1. Owners is an insurance company incorporated in the state of Ohio and licensed to conduct business and conducts business in the state of Arizona. Owners' principal place of business, for determining its citizenship, is in the state of Michigan.

2. Upon information and belief, A.W. Arcaro & Co., Inc. ("Arcaro") is or was an Arizona corporation doing business in the State of Arizona with its principal place of business in Arizona.

3. Upon information and belief, Fowler Elementary School District No. 45 ("Fowler") is a public agency and political subdivision of the state of Arizona with its principal place of business in the state of Arizona.

4. This court has jurisdiction under 28 U.S.C. § 1332. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391 (a). There is diversity among the parties and the amount in controversy with regard to the underlying dispute is in excess of $75,000.

5. This action for declaratory relief arises from certain claims asserted in the lawsuit captioned *Fowler Elementary School District No. 45 v. The Orcutt/Winslow, LLLP et al.,* pending in Maricopa County Superior Court, cause number CV2009-038693 ("the underlying lawsuit").

6. In the underlying lawsuit, Fowler has alleged that Arcaro contracted to build the Santa Maria Middle School in Phoenix, Arizona December 1993. A certificate of completion was issued on September 6, 1994. On May 23, 2009, the roof over the cafeteria collapsed.

7. Fowler has brought a claim against Arcaro and others for the collapse of the roof, alleging that the collapse was due to the lack of diagonal bracing between the roof trusses. Fowler seeks reimbursement for the repairs associated with the collapse.

8. Owners issued policy number 04625-45954164 to A.W. Arcaro & Co., Inc. ("the Owners policy"). The Owners policy was in effect, for consecutive annual policy periods, from 12/31/94 – 12/31/00. It provided comprehensive general liability coverage with limits of $1,000,000 per occurrence, with a $1,000,000 products-completed operations aggregate limit and a $1,000,000 general aggregate limit, for each of the consecutive policy periods.

9. The insuring agreement of the Owners policy states as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> * * *
>
> This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

(2) the "bodily injury" or "property damage" occurs during the policy period.

10. Owners is defending Arcaro under a reservation of rights. The above policy provisions have been cited in the reservation of rights letters to Arcaro.

**First Claim for Declaratory Relief**

**(Duty to Defend)**

11. Owners hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

12. The Owners policy provides coverage only to the extent there is alleged "property damage" or "bodily injury" that occurred during the policy period. The roof collapsed, and all damage occurred, in May 2009. The Owners policy expired in December 2000. As a result, the alleged damage is not covered under the Owners policy, and Owners has no duty to defend Arcaro in the underlying lawsuit.

13. For these and other reasons, and due to a dispute as to whether Owners has a duty to further defend Arcaro in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Owners policy.

14. Owners therefore seeks a judicial determination of its rights and obligations under the Owners policy with respect to its duty to defend Arcaro in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Owners may ascertain its rights and obligations under the terms its policy.

**Second Claim for Declaratory Relief**

**(Duty to Indemnify)**

15. Owners hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

16. The Owners policy provides coverage only to the extent there is alleged "property damage" or "bodily injury" that occurred during the policy period. The roof

collapsed, and all damage occurred, in May 2009. The Owners policy expired in December 2000. As a result, the alleged damage is not covered under the Owners policy, and Owners has no duty to indemnify Arcaro in the underlying lawsuit.

17. For these and other reasons, and due to a dispute as to whether Owners has a duty to indemnify Arcaro for any settlement or judgment that may be entered in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Owners policy.

18. Owners therefore seeks a judicial determination of its rights and obligations under the Owners policy with respect to its duty to indemnify Arcaro in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Owners may ascertain its rights and obligations under the terms its policy.

### Third Claim for Declaratory Relief

### (Coverage)

19. Owners hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

20. The Owners policy provides coverage only to the extent there is alleged "property damage" or "bodily injury" that occurred during the policy period. The roof collapsed, and all damage occurred, in May 2009. The Owners policy expired in December 2000. As a result, the alleged damage is not covered under the Owners policy.

21. For these and other reasons, and due to a dispute as to whether Owners has any duties to Arcaro with respect to the claims asserted in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Owners policy.

22. Owners therefore seeks a judicial determination of its rights and obligations under the Owners policy. Such a judicial determination is necessary and appropriate so that Owners may ascertain its rights and obligations under the terms its policy.

WHEREFORE, Owners brings this Complaint for Declaratory Relief against defendants and prays for judgment as follows:

1. For a judicial determination that Owners has no obligation to further defend Arcaro in the underlying lawsuit;

2. For a judicial determination that Owners has no obligation to indemnify any of the parties for any judgment or settlement reached in the underlying lawsuit;

3. For a judicial determination that the Owners policy provides no coverage for the claims asserted in the underlying lawsuit;

4. For reasonable attorneys' fees incurred herein;

3. For Owners' costs incurred herein; and

4. For any other and further relief as this court may deem just and proper.

DATED this 11th day of June, 2010.

                        GRAIF BARRETT & MATURA, P.C.

                        By:  /s/ Kevin C. Barrett
                              Kevin C. Barrett
                              Jay R. Graif
                              *Attorneys for Plaintiff Owners Insurance Company*

I hereby certify that on June 11th, 2010, I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing.

/s/ Kelly Donaldson